IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>vs.<br><br>MAN TAT LE,<br><br>              Defendant. | MEMORANDUM DECISION AND ORDER DENYING REVIEW OF DETENTION<br><br>Case No.  2:20CR55DAK<br><br>Judge Dale A. Kimball |

      This matter is before the court on Defendant Man Tat Le's Motion for Review of Detention.  Defendant seeks temporary release to home confinement due to the risks presented by Covid-19 or a hearing under 18 U.S.C. § 3142(f) to determine whether any condition or combination of conditions will reasonably assure the appearance of Defendant and the safety of any other person and the community.  Defendant also seeks reconsideration and revocation of his order of detention pursuant to 18 U.S.C. § 3145 on the same grounds.  This court has reviewed Defendant's motion and the law and facts relevant to the determination of Defendant's pretrial detention or release.  Being fully advised, the court issues the following Memorandum Decision and Order.

BACKGROUND

      Defendant is charged with distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1).  On January 30, 2020, Defendant had an initial appearance before Magistrate Judge Warner, and the United States sought detention.  The United States set forth substantial evidence

in favor of detention, and Defendant submitted on the issue. Defendant, however, reserved the right to request a detention hearing at a later date. At the conclusion of the initial appearance, Magistrate Judge Warner detained Defendant, finding that no release condition would reasonably assure either the safety of any other person and the community or Defendant's appearance.

Under the District of Utah's General Order 20-010, motions under § 3142(i) will be reviewed by the magistrate judge who first ordered detention while appeal can then be taken to the district judge under § 3145(b). However, in this case, Defendant's motion also seeks review of Magistrate Judge Warner's detention order under § 3145. "The standard of review for the district court's review of a magistrate judge's detention or release order under § 3145(a) is de novo." *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). Accordingly, the District Judge will address Defendant's order in the first instance.

## ANALYSIS

Under 18 U.S.C. §3142(f), in determining detention, the court considers "whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." The relevant factors to consider in making that determination are set forth in 18 U.S.C. § 3142(g) and include the nature and circumstances of the charged offense, the weight of the evidence against the person, the history and characteristics of the person, family ties, employment, length of residence in the community, drug abuse, criminal history, and the nature and seriousness of the danger to any person or the community posed by the person's release. *See id.* § 3142(g).

Because of the controlled substance offense charged in this case, a rebuttable presumption exists that "no condition or combination of conditions will reasonably assure the safety of any

2

other person and the community" if the court finds "probable cause to believe that the defendant committed" the charged offense. *Id.* § 3142(e)(3). The instant charges against Defendant allege that Defendant sold methamphetamine to a government informant during a controlled purchase on January 22, 2020. The informant negotiated the transaction with Defendant and agents followed the informant to the agreed meeting location for the purchase and observed the informant enter Defendant's vehicle where Defendant allegedly sold the informant the methamphetamine. In addition to observing the purchase, government agents used electronic surveillance to record the events as well. Probable cause clearly exists for the present charges. Therefore, the presumption applies. Moreover, the weight of the evidence against Defendant is substantial.

With respect to Defendant's history and characteristics, Defendant has a lengthy criminal history. Defendant admits that he has a Category V criminal history for drug and financial crimes. Defendant first encountered the criminal justice system in 1993 and committed his first federal felony offense in 1999. Two separate felony convictions in 2009 and 2011 for Failure to Stop at the Command of a Law Enforcement Officer (felony fleeing) are particularly troubling when considering Defendant's likelihood of reappearing for purposes of determining pretrial detention. In addition, on January 30, 2020, when officers attempted to stop and arrest Defendant for the present charges, Defendant fled from the officers. Defendant fled along Interstate 15, exited the freeway into a residential neighborhood, and nearly struck a TRAX train. After losing control of his vehicle, Defendant attempted to flee from the officers on foot before being apprehended in a laundromat with multiple innocent bystanders inside the business. Based on these facts, the court finds that Defendant's likelihood of appearance is extremely unlikely. The court does not believe that this flight/nonappearance risk could be cured through the use of a GPS monitor or other

3

means.

Also, Defendant's repeated drug arrests and convictions, compounded by his repeated fleeing from police when they attempted to stop him, demonstrate that Defendant poses a serious danger to members of the general public and law enforcement officers. Defendant's recent flight placed multiple people in danger. Therefore, under the traditional factors for determining detention, the court concludes that Defendant should remain detained pending trial.

Defendant raises exceptional circumstances related to the Covid-19 pandemic. However, Defendant does not claim that he suffers from any health challenges that make him especially susceptible to Covid-19 or at a higher risk of complications if he contracts the virus. The court appreciates Defendant's concerns about Covid-19. However, the local jails have established substantial precautionary procedures to mitigate the risk of infection. Defendant does not allege that an outbreak has occurred at the jail facility where he is detained. The speculative prospect of a Covid-19 outbreak at the jail is not enough to overcome the nature and seriousness of Defendant's danger to the community and the likelihood that he would fail to appear.

Defendant argues that he can live with his mother as a third-party custodian. However, Defendant was living at that residence at the time of the instant offense. Defendant also suggests that probation can adequately monitor his pretrial release. However, the Covid-19 pandemic has posed many challenges to probation's ability to monitor defendants on pretrial release, and Defendant's multiple instances of fleeing from officers demonstrate that he is unlikely to comply with probation. Even without the current Covid-19 challenges probation faces, Defendant would not be a candidate for pretrial release.

After full consideration of the § 3142 factors, the court concludes that no combination of

release conditions will assure the safety of the community or the Defendant's required appearance at future court proceedings in this case. Defendant's Covid-19 concerns are speculative and do not overcome the traditional § 3142 factors that weigh heavily against release in this case. Accordingly, the court denies Defendant's motion for review of detention.

DATED this 23rd day of June, 2020.

BY THE COURT

_____
DALE A. KIMBALL
United States District Judge